IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JERRY P. FREEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:04-0349 |
| ) | |
| JOHN E. POTTER, POSTMASTER GENERAL, ) | Judge Thomas A. Wiseman, Jr. |
| UNITED STATES POSTAL SERVICE, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM

I.  INTRODUCTION

Plaintiff Jerry P. Freeman brought suit against defendant Postmaster General of the United States Postal Service ("USPS") in his official and representative capacity, alleging that the USPS engaged in age and sex discrimination when it failed to select Mr. Freeman for the position of Postmaster in Sewanee, Tennessee, in violation of the ADEA, 29 U.S.C. § 633a, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16. The defendant has filed a motion for summary judgment together with a supporting memorandum of law and various exhibits (Doc. Nos. 15 and 16), and a statement of undisputed facts (Doc. No. 17). Mr. Freeman filed a response in opposition to summary judgment in which he maintains that, at a minimum, material issues of fact preclude summary judgment. (Doc. No. 23.) Mr. Freeman has also responded to defendant's statement of undisputed facts and set forth additional facts as to which he contends there is no genuine dispute. (Doc. No. 25.) Finally, Mr. Freeman filed an objection to portions of the defendant's memorandum. (Doc. No. 24.) Defendant filed a reply brief (Doc. No. 29) in which he addressed the plaintiff's objections. Having considered the various filings, the court will GRANT Defendant's motion for summary judgment for the reasons set forth below.

II.  STATEMENT OF FACTS

In December 2000, Mr. Freeman was Supervisor of Customer Service at the Murfreesboro, Tennessee Post Office and had been employed with the USPS for more than 25 years when he applied for the position of Postmaster of Sewanee, Tennessee. Mr. Freeman was 52 years old at the time. The

1

position of Supervisor at the Murfreesboro Post Office was graded at that time as EAS-16.[1] The position of Postmaster in Sewanee was graded as EAS-15, or one step lower. Consequently, the salary for the position of Postmaster was lower than the salary he received in his position as Supervisor. Mr. Freeman testified, however, that he applied for the postmaster job because he believed that the position would have given him better advancement opportunities in the future. He stated he would have applied for a higher-level postmaster position after a year and a half as Postmaster at Sewanee if he had been hired in that position.

Instead, in a letter dated March 14, 2001, Mr. Freeman was notified that he had not been selected for the job. Paige Hunter, a 31-year old female, was selected. After exhausting his administrative remedies, Mr. Freeman brought suit alleging workplace discrimination and seeking back pay and benefits, front pay, compensatory damages, attorney fees and expenses.

## III. STANDARD OF REVIEW

Summary judgment shall be granted when "there is no genuine issue as to any material fact and . . . the non-moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When the evidence is such that no reasonable jury could return a verdict for the nonmoving party, there is no genuine issue of fact. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986). If the nonmoving party has failed to produce evidence sufficient to establish an element of his claim, summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A summary judgment motion places on the non-movant the burden of producing enough evidence to allow a reasonable factfinder to rule in his favor; a mere "scintilla of evidence" will not suffice. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479-80 (6th Cir. 1989).

---

[1] A USPS employee's salary and duties are governed by a schedule of numbered grade levels. For salaried management USPS employees, the schedule is called the "Executive and Administration Schedule." In USPS parlance, EAS-16 means that the position is at grade 16 of the Executive and Administration Schedule with salary and duties that correspond to that grade. Holmes v. Potter, 384 F.3d 356, 357n.1 (7th Cir. 2004).

2

**IV.	DISCUSSION**

*(a)	Plaintiff's Objection to Portions of Defendant's Memorandum*

Mr. Freeman objects to portions of the defendant's brief on two grounds: First, Mr. Freeman objects to the defendant's reference to the administrative proceedings before the EEOC, including any findings of fact and conclusions made by the Administrative Judge. Second, Mr. Freeman objects to any facts referenced in the defendant's memorandum of law that are not set forth in enumerated paragraphs in the defendant's separate statement of undisputed material facts, contrary to the requirements of Local Rule 8(b)(7)(b).

As to the first objection, the court fully recognizes that federal employees enjoy the same rights as private citizens to trial *de novo* in employment discrimination cases. Chandler v. Roudebush, 425 U.S. 840 (1976), cited in Jones v. U.S. Postal Service, 78 F.R.D. 196, 198 (E.D. Mich. 1978). Regardless, the court interprets the defendant's explanation of the administrative action in this case as mere background material and does not rely in any way upon the AJ's findings of fact or conclusions of law.[2]

With respect to the plaintiff's second objection, Local Rule 8(b)(7)(b) requires that each motion for summary judgment be accompanied by "a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial," and further requires that each fact "be set forth in a separate, numbered paragraph." Mr. Freeman "objects" to the defendant's inclusion of statements in his memorandum that are not included in the statement of facts, but he has not actually filed a motion to strike or otherwise specified what action he would like the court to take in response to his objection. Regardless, the court finds that it has the discretion either to consider or to disregard any facts that are not enumerated in a separate statement of facts per the local rule. In this instance, where additional facts are cited in the defendant's memorandum, they are accompanied by a citation to an exhibit in support thereof. To the extent those facts appear to be material and undisputed, the court will take them into consideration in ruling on the motion for summary judgment. To the extent plaintiff's

---

[2]The court finds it interesting that Mr. Freeman ultimately rejected the job of postmaster of Sewanee when it was offered to him pursuant to the EEOC's directive. In reaching its decision herein, however, the court does not draw any inferences, adverse to the plaintiff or otherwise, from that fact.

3

objection may be considered a motion, it will be DENIED.

*(b)     Defendant's Motion for Summary Judgment*

In order to establish a prima facie case of sex or age discrimination under Title VII or the ADEA on the basis of a failure to promote, a plaintiff must show that (1) he is a member of the protected class; (2) he was subjected to an adverse employment action; (3) he was qualified for the position he sought; and (4) he was treated differently from similarly situated employees outside the protected class. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Hoskins v. Oakland County Sheriff's Dep't, 227 F.3d 719, 731 (6th Cir. 2000).  The sole issue before the court is whether Mr. Freeman has alleged facts which, if believed, establish that he suffered an adverse employment action.  An adverse employment action is a "*materially adverse* change in the terms or conditions of . . . employment because of [the] employer's conduct."  Kocsis v. Multi-Care Mgmt., Inc., 97 F.3d 876, 885 (6th Cir. 1996) (emphasis in original) (quoting Spring v. Sheboygan Area Sch. Dist., 865 F.2d 883, 885 (7th Cir. 1989)).  Under this standard, a "materially adverse" change in employment conditions "must be more disruptive than a mere inconvenience or an alteration of job responsibilities."  Id. at 886 (citation omitted).  "The Sixth Circuit has consistently held that *de minimis* employment actions are not materially adverse and, thus, not actionable."  Bowman v. Shawnee State Univ., 220 F.3d 456, 462 (6th Cir. 2000).  Further, "mere inconvenience or an alteration of job responsibilities" or a "bruised ego" is not enough to constitute an adverse employment action.  White v. Burlington N. & Santa Fe Ry. Co., 364 F.3d 789, 797 (6th Cir. 2004) (en banc) (quoting Kocsis, 97 F.3d at 886).

While non-selection for a promotion obviously may constitute a materially adverse employment action, the denial of a lateral transfer, where the position sought would confer no additional material benefits or prestige, generally does not constitute an adverse action.  See Mitchell v. Vanderbilt University,  389 F.3d 177, 183 (6th Cir. 2004) (finding that plaintiff's removal from the position of Medical Director of Vanderbilt Pathology Laboratories Services, appointment  to the position of Medical Director of the Bedford County Hospital Laboratories, and non-selection for the position of Medical Director of Clinical Laboratories did not constitute materially adverse employment actions).  Moreover, an employee's subjective impressions as to the desirability of one position over another are not controlling in the determination of whether the position sought would actually be a promotion or merely

4

a lateral transfer. See, e.g., Policastro v. Northwest Airlines, Inc., 297 F.3d 535, 539 (6th Cir. 2002); Henry v. Ohio Dep't of Mental Retardation & Dev. Disabilities, 162 F. Supp. 2d 794, 802 (S.D. Ohio 2000) (citing Kocsis, 97 F.3d at 886).

Likewise in the government context, the denial of a lateral transfer to another assignment at the same GS-level generally does not constitute an adverse action, regardless of the employee's preference for one position over another. Cf. Weber v. Hurtgen, 297 F. Supp. 2d 58, 65-66 (D.D.C. 2003) (where plaintiff was denied the position of Executive Assistant to the Chairman, no adverse action occurred as she "would have remained at precisely the same GS-level and not received any promotion or additional compensation," despite plaintiff's subjective belief that the Assistant Chairman position would have been more "prestigious"); Brown v. Brody, 199 F.3d 446, 456-57 (D.C. Cir. 1999) (failure to transfer to another GS 14 position plaintiff viewed as more prestigious was not an material adverse action). Failure to assign a federal employee to a lateral position may nonetheless qualify as an adverse action if the failure to assign could affect the employee's future promotional opportunities, see Bowie v. Ashcroft, 283 F. Supp. 2d 25, 33 (D.D.C. 2003), or where the assignment, though at the same GS-level and involving no increase in salary or material benefits, could qualify as a promotion because it involves significantly more supervisory responsibilities. See, e.g., Stewart v. Ashcroft, 352 F.3d 422, 426-27 (D.C. Cir. 2003) (finding the plaintiff alleged a materially adverse employment action sufficient to state a *prima facie* claim for employment discrimination where the position he was denied, Chief of the Environmental Crimes Section of the DOJ, received the same pay and benefits as the position he already held, Senior Litigation Counsel, but the Chief also ran the section and supervised and directed the Senior Litigation Counsel).

Mr. Freeman contends that there is at least a question of fact as to whether the position of postmaster in a small town constitutes a promotion over the position of Supervisor of Customer Relations in a larger town, despite the fact that it is at a lower EAS-level and would involve a decrease in salary. In support of his argument, he presents testimony from several witnesses claiming the position of postmaster in and of itself entails a higher level of prestige and responsibility than that of Supervisor for Customer Relations. Mr. Freeman also asserts as "facts" that: (1) "Postmaster is a desired position in the United States Postal Service because the postmaster is in charge of an office"

5

(Doc. No. 25, at 5); (2) "A postmaster controls his or her own destiny because the postmaster is in the limelight and controls the office, plans, and budget, as opposed to a supervisor position within a post office" (id.); and (3) "The postmaster position in Sewanee was unique and prestigious because of its particular location" (id. at 6). These statements are entirely conclusory and speculative and as such do not constitute evidence sufficient to create disputed issues of material fact. Moreover, his subjective opinion regarding the desirability and "prestige" associated with being a postmaster in Sewanee, Tennessee does not create a material factual dispute. Cf. Mitchell, 389 F.3d at 183; Policastro, 297 F.3d at 539. Mr. Freeman has not presented any concrete facts, such as the number of people he currently supervises in his supervisory position as compared to the number of employees the Postmaster of Sewanee supervises, from which a jury could reasonably find that the latter position might constitute a promotion despite its lower EAS-grade and lower salary.

If the EAS-levels for the two jobs were the same, Mr. Freeman might be able to create a genuine issue of material fact. They are not, however. Positions in the USPS with higher "EAS" numbers generally involve more responsibilities and consequently pay higher salaries. Malave v. Potter, 320 F.3d 321, 323 n.1 (2d Cir. 2003).[3] The inarguable and undisputed facts that the position of postmaster in Sewanee is at a lower EAS-level and earns a lower salary mandate a finding that transfer to that position would not qualify as a promotion or even a lateral transfer. Instead, it would be a downgrade or demotion. Therefore, the cases concerning lateral transfers to positions that might arguably be considered promotions because they carry more supervisory responsibilities are simply inapposite here.

Mr. Freeman seeks to avoid that conclusion by claiming the postmaster job would have offered him substantially better promotional opportunities. That contention too is purely speculative and is not supported by the record. Mr. Freeman simply has no evidence suggesting that any experience he

---

[3] In Malave, a USPS employee in a postmaster position at EAS-15 in Norfolk, Connecticut sued the Postmaster General after he was denied a promotion to the position of Manager of Customer Services, an EAS-21 level position, at a larger post office in Hartford, Connecticut. Id. at 323. In that case, there was no question that the plaintiff had suffered an adverse employment action. Ironically, Mr. Freeman holds basically the same job (Supervisor of Customer Service) as that to which the plaintiff in Malave sought a *promotion from* his position as postmaster in a small community, which is the position Mr. Freeman now seeks to characterize as ranking higher than that of Supervisor of Customer Service.

6

might have garnered as Postmaster at Sewanee would have made him more qualified for a higher EAS level postmaster position, nor does he offer any evidence to support his claim that postmasters at lower EAS levels are more likely than supervisory employees to be promoted to higher-level postmaster positions.

Mr. Freeman has failed to offer evidence from which a reasonable factfinder could conclude that he suffered a materially adverse employment action. Consequently, he has not succeeded in stating a *prima facie* cause of action for employment discrimination.

**V. CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED.

An appropriate ORDER will enter.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge